# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. J. WILLIAMS, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-00792-SMS PC<br><br>ORDER DISMISSING DECLARATORY RELIEF CLAIM, FINDING SERVICE OF COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>(Doc. 1) |

　　　Plaintiff Thornell Brown, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 4, 2009. The Court has screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and finds that it states claims against Defendants Williams and Gonzales for use of excessive force and for subjecting Plaintiff to unconstitutional conditions of confinement following the incident of force, in violation of the Eighth Amendment.[1]  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).

　　　Plaintiff's claim for declaratory relief shall be dismissed for failure to state a claim, however. "'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding

---

[1] Plaintiff alleges that Defendant Williams, at the urging of Defendant Gonzales, emptied a can of pepper spray into his cell because he asked to speak to a sergeant. Defendants then left him in a holding cell for four hours without decontaminating him before placing him back in his cell, which also had not been decontaminated. Plaintiff alleges injuries arising from the events.

1

1 presence, casts what may well be a substantial adverse effect on the interests of the petitioning
2 parties.'" Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters, Inc. v. Bureau
3 of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and
4 citation omitted)). "Declaratory relief should be denied when it will neither serve a useful purpose
5 in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief
6 from the uncertainty and controversy faced by the parties." U.S. v. State of Wash., 759 F.2d 1353,
7 1357 (9th Cir. 1985) (citations omitted). The governmental conduct at issue in this action occurred
8 in 2005, and Plaintiff's remedy is limited to money damages should he prevail on his claim that his
9 constitutional rights were violated.

    Accordingly, it is HEREBY ORDERED that:

    1. Plaintiff's claim for declaratory relief is dismissed for failure to state a claim.

    2. Service shall be initiated on the following defendants:

        **C/O R. J. WILLIAMS**

        **C/O M. GONZALES**

    3. The Clerk of the Court shall send Plaintiff two (2) USM-285 forms, two (2) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the complaint filed May 4, 2009.

    4. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

        a. Completed summons;

        b. One completed USM-285 form for each defendant listed above; and

        c. Three (3) copies of the endorsed complaint filed May 4, 2009.

    5. Plaintiff need not attempt service on the defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

///

1     6.     <u>The failure to comply with this order will result in dismissal of this action.</u>

IT IS SO ORDERED.

**Dated:     December 14, 2009**                    **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE