1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  | THORNELL BROWN,                          CASE NO. 1:09-cv-00792-LJO-SKO PC

10 |           Plaintiff,             FINDINGS AND RECOMMENDATIONS
   |                          RECOMMENDING DENIAL OF MOTION

11 |     v.

12 | R.J. WILLIAMS, et al.,                    (Doc. 24)

13 |           Defendants.            OBJECTIONS DUE WITHIN 20 DAYS

14

15      Plaintiff Thornell Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 9, 2010, Plaintiff filed a

17  motion erroneously titled as a "motion to compel." (Doc. #24.)  Plaintiff's motion actually seeks

18  preliminary injunctive relief, as it requests the Court to order the San Diego County Sheriff's to

19  allow Plaintiff to have access to his legal property and to provide Plaintiff with supplies such as "ink

20  pen fillers" and "legal copies," as well as regular access to the law library.

21      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

22  so heavily favors the moving party that justice requires the court to intervene to secure the positions

23  until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.

24  390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to

25  succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

26  that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter

27  v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

28

1    The only defendants in this action are officials from the California Correctional Institution

2 in Tehachapi, California; the San Diego Sheriff's Department is not a party to this lawsuit.  This

3 Court does not have personal jurisdiction over the San Diego Sheriff's Department or any of the

4 officials holding Plaintiff in custody at the San Diego County Jail.

5    "A federal court may issue an injunction if it has personal jurisdiction over the parties and

6 subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not

7 before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985)

8 (emphasis added).   The Court has no authority to order San Diego Sheriff's Department

9 officials – who are not parties to this lawsuit – to give Plaintiff access to his legal property and

10 access to the law library.

11    Accordingly, it is HEREBY RECOMMENDED that Plaintiff's July 9, 2010 motion be

12 DENIED.

13    These Findings and Recommendations are submitted to the United States District Judge

14 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty (20)

15 days after being served with these Findings and Recommendations, any party may file written

16 objections with the Court and serve a copy on all parties.  Such a document should be captioned

17 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18 shall be served and filed within ten (10) days after service of the objections.  The parties are advised

19 that failure to file objections within the specified time may waive the right to appeal the District

20 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22 IT IS SO ORDERED.

23 **Dated:    August 31, 2010**                              **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28