# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>R.J. WILLIAMS, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv-00792-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR COURT TO PROVIDE DEFENDANTS WITH A COPY OF MOTION TO COMPEL AS MOOT<br><br>Docs. 50, 52, 53 |

**I. Procedural History**

On May 4, 2009, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On December 16, 2009, the Court found a cognizable Eighth Amendment claim for conditions of confinement following use of pepper spray. Doc. 8. On April 8, 2011, the Court adopted findings and recommendations to dismiss Plaintiff's claim of excessive force based upon qualified immunity. Doc. 39. On November 21, 2011, Plaintiff filed a motion to compel further responses to production of documents. Doc. 50. On January 5, 2012, Plaintiff filed a motion to compel answers to deposition questions and a motion for the Court to provide Defendants with a copy of his motion. Docs. 52, 53. On January 18, 2012, Defendants filed an opposition to Plaintiff's motion to compel. Doc. 54. On February 9, 2012, Plaintiff filed a reply to Defendants' opposition. Doc. 55. This matter is deem submitted pursuant to Local Rule 230(l).

## II. Analysis

### A. Defendants' Personnel Records and Inmate Complaints are Privileged and Irrelevant

Plaintiff moves to compel further documents and responses to his discovery requests. Docs. 50, 52. Plaintiff requests all inmate complaints filed against Defendant Williams as well as his personnel record. Mot. Compel at 8-10, 13-14, Doc. 50. Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Defendant Williams' personnel record is privileged and also not relevant to Plaintiff's claim of unconstitutional conditions of confinement. Moreover, complaints by other inmates are also irrelevant. A prison official violates the Eighth Amendment when these two components are met: (1) the deprivation alleged must be objectively sufficiently serious; and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)). Notwithstanding the privileged nature of Defendant's personnel file, past complaints by other inmates are not relevant to whether Plaintiff's alleged deprivation was objectively sufficiently serious and whether Defendant Williams possessed a sufficiently culpable state of mind at the time of Plaintiff's alleged deprivation. *See Valenzuela v. Smith*, 2006 WL 403842 (E.D. Cal. Feb. 16, 2006) (rejecting argument that all complaints against defendants while employed by CDC were relevant to show a pattern of deliberate indifference to medical needs of prisoners); *Holestine v. Terhune*, 2003 WL 23281594, * 10 (N.D. Cal. Nov. 21, 2003) (denying production of appeals of other inmates.); *Garrett v. Walker*, 2007 WL 3342522 (E.D. Cal. Nov. 9, 2007) (finding burden outweighed relevance for all appeals of deliberate indifference to inmate health and safety); *Blue v. Grannis*, 2007 WL 2758025 (E.D. Cal. Sept. 21, 2007) (denying motion to compel all grievances against defendant because "evidence of prior accusations against defendant do not bear on any material issue in this matter.")

### B. Unrelated Inmate Complaints are Inadmissible 404(b) Character Evidence

Plaintiff requests the personnel file and other inmate complaints to show Defendants' "propensity for violence against inmates." Mot. Compel at 5, Doc. 50. However, a "propensity for violence against inmates" is not one of the elements of Plaintiff's claim for conditions of

confinement. Furthermore, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(b).

### C. Defendants' Personnel Records and Inmate Complaints are Sensitive Information

Defendants note that information in other inmate complaints and Defendant's personnel file are sensitive and raise an issue of institutional security. "The interest of the party asserting a privilege tends to be strongest when the information in question falls squarely within the definition of privilege, and its disclosure would undermine the public interest in free, candid and uninhibited exchange of information or jeopardize the physical security of an individual or governmental institution." *Assoc. for Reduction of Violence v. Frank*, 734 F.2d 63, 66 (1st Cir. 1984). In the specific context of prison files, the Supreme Court has noted the 'potential seriousness' of the government's interest, based on the notion that turning over the requested documents would result in substantial injury to the State's prison parole system by unnecessarily chilling the free and uninhibited exchange of ideas between staff members within the system, by causing the unwarranted disclosure and consequent drying up of confidential sources, and in general by unjustifiably compromising the confidentiality of the system's records and personnel files. *Id.* (citing *Kerr v. United States District Court*, 426 U.S. 394, 405 (1977); *see also Williams v. Missouri Bd. of Probation & Parole*, 661 F.2d 697, 700 (8th Cir. 1981) ("we recognize the state's strong and legitimate interest in preserving the confidentiality of sources of information necessary for parole release decisions and in maintaining security and discipline within its institutions"); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (denying request for police department personnel files after weighing potential benefits of disclosure against potential disadvantages and finding that privilege bars discovery).

### D. Defendants Responded to Plaintiff's Requests

Plaintiff requests all training, policies, protocols, and standards. Mot. Compel at 11-12, Doc. 50. However, Defendants provided this information. Pl. Mot. Compel, Ex. 4 at 66-73, Doc. 50; Defs. Opp'n at 9, Doc. 54.

//

//

### E. Procedure to Correspond with Inmate Witnesses

Plaintiff requests to correspond with inmate Jeffrey Edwards. Mot. Compel at 12-13, Doc. 50. Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139. Further, the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order that Plaintiff be allowed to correspond with his witnesses. *E.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir. 2006).

Plaintiff is required to make a showing with respect to each inmate witness that the witnesses possess relevant knowledge. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Personal knowledge means knowledge of a fact perceived by the senses, by one who has had an opportunity to observe, and must have actually observed the fact. Fed. R. Evid. 602. Personal knowledge is not an absolute but may consist of what the witness thinks he knows from personal perception. *Id.*

Plaintiff's motion for court assistance must be denied because he has not provided evidence that he completed the process to obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139. The Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and the Court can only make a *request* to prison officials and cannot order them to allow Plaintiff to correspond with his witnesses. *E.g., City of Los Angeles*, 461 U.S. at 102; *Valley Forge Christian Coll.*, 454 U.S. at 471; *Jones*, 444 F.3d at 1126. Such a request shall not be made by the Court without assurances that Plaintiff has followed procedures and used the available resources at the prison to obtain written authorization after consideration by prison officials of safety, security, and procedural priorities. The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) ( quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970). Therefore, Plaintiff must first provide evidence that he completed the process to obtain

written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139.

### F. Procedure to Conduct Deposition by Written Questions

Plaintiff contends that Defendant Williams did not respond to his deposition questions. Mot. Compel at 2, Doc. 52. Under Rule 31, a party may depose any person by written questions. However, where the deponent is incarcerated, the party must obtain the Court's permission to conduct the deposition. Fed. R. Civ. P. 31(a)(2)(B). Further, unless the parties stipulate otherwise, the party noticing the deposition is required to provide the questions to an "officer," as that term is defined in Rule 28(a), who will take the deponent's responses to the questions, certify them, and send them to the noticing party. *Id.* Rules 31(b), 30(b)(5). In Plaintiff's motion, he did establish that he followed this procedure. Therefore, his motion to compel responses to written deposition questions must be denied.

### III. Conclusion

The Court finds that unrelated inmate complaints and Defendant Williams' personnel record is privileged; not relevant to Plaintiff's claim of unconstitutional conditions of confinement; inadmissible 404(b) character evidence; and sensitive and raises issues of institutional security. Defendants properly responded to Plaintiff's requests for all training, policies, protocols, and standards. Plaintiff did not demonstrate that he followed the proper procedure to correspond with an inmate witness or to request a deposition by written questions.

Accordingly, based on the foregoing analysis, Plaintiff's motions to compel are DENIED, and Plaintiff's motion to provide Defendants with a copy of his motion to compel is DENIED, as moot.

IT IS SO ORDERED.

Dated:   April 13, 2012

UNITED STATES MAGISTRATE JUDGE