1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN, | CASE NO. 1:09-cv-00792-LJO-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| R.J. WILLIAMS, and M. GONZALES | (ECF No. 58) |
| Defendants. | (THIRTY-DAY OBJECTION DEADLINE) |
| _____/ | |

## I.

## PROCEDURAL HISTORY

Plaintiff Thornell Brown, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 4, 2009. This action for damages is proceeding only against Defendants R.J. Williams and M. Gonzales for subjecting Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment.[1] Plaintiff's claim arises out of Defendants' alleged failure to properly decontaminate Plaintiff and his cell following the administration of pepper spray on May 23, 2005.

On March 29, 2012, Defendants filed a motion for summary judgment. Fed. R. Civ. P. 56(a). (ECF No. 58.) Plaintiff filed an opposition on August 10, 2012. (ECF No. 66.) Defendants' motion for summary judgment has been submitted upon the record, and these findings and recommendations

---

[1] Plaintiff's claim for excessive force was dismissed with prejudice on April 8, 2011, based on Defendants' qualified immunity. (ECF No. 39.)

1  now issue.  Local Rule 230(l).

2  **II.**

3  **LEGAL STANDARD**

4  Any party may move for summary judgment, and the Court shall grant summary judgment

5  if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

6  to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Wash. Mut. Inc.

7  v. United States., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a

8  fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the

9  record, including but not limited to depositions, documents, declarations, or discovery; or (2)

10  showing that the materials cited do not establish the presence or absence of a genuine dispute or that

11  the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1)

12  (quotation marks omitted).  The Court may consider other materials in the record not cited to by the

13  parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch.

14  Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

15  Defendants do not bear the burden of proof at trial and in moving for summary judgment,

16  they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Sec.

17  Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106

18  S.Ct. 2548 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to

19  designate specific facts demonstrating the existence of genuine issues for trial."  In re Oracle Corp.,

20  627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show more than

21  the mere existence of a scintilla of evidence."  Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S.

22  242, 252, 106 S.Ct. 2505 (1986)).

23  However, in judging the evidence at the summary judgment stage, the Court may not make

24  credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509

25  F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences

26  in the light most favorable to the nonmoving party and determine whether a genuine issue of material

27  fact precludes entry of judgment.  Comite de Jornaleros de Redondo Beach v. City of Redondo

28  Beach, 657 F.3d 936, 942 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (quotation marks and citation

2

1  omitted).  The Court determines *only* whether there is a genuine issue for trial and in doing so, it

2  must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611

3  F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

4  ### III.

5  ### DISCUSSION

6  A.     **Plaintiff's Allegations**[2]

7  Plaintiff was incarcerated at the California Correctional Institution ("CCI") in Tehachapi,

8  California during the events at issue.  On May 23, 2005, Defendants approached Plaintiff's cell and

9  advised him and his cell-mate to "cuff-up" and exit the cell for a random cell search.  Plaintiff

10  requested to speak to Sergeant S. Sanchez before the search. (Plaintiff's Compl., at 9, ECF No. 1.)

11  After Plaintiff refused, Defendant Williams opened the food port of the cell and deployed T-16

12  expulsion pepper spray in Plaintiff's cell.  Id. at 11.  Defendant Gonzalez stood behind Williams and

13  influenced him to use the pepper spray.  Id.

14  After this incident, Officers Brown, Uribe, Sizelove, and Oritz handcuffed and escorted

15  Plaintiff and his cell-mate to the clinic holding area where his handcuffs were then removed.  Id. at

16  13.  Plaintiff remained in the holding cell for four hours without access to water or fresh moving air

17  to reduce the prolonged exposure and effects from the pepper spray.  Id. at 14.  Plaintiff continued

18  to suffer from a burning sensation in his eyes, blistering skin, difficulty breathing, uncontrollable

19  gagging and coughing, as well as temporary digestive and vision impairment.  Id.  Within the first

20  hour in the holding cell, Nurse M. Miller looked into the cell and wrote a supplemental report

21  without physically examining Plaintiff.  Id.  Plaintiff asked to see a doctor because he was

22  experiencing pain and discomfort.  Id. at 15.  Nurse Miller ignored Plaintiff's request for medical

23  attention and advised him that the symptoms should have dissipated from the fresh moving air during

24  the walk to the clinic.  Id.  Plaintiff alleges that Nurse Miller prepared an incomplete report on

25  Plaintiff's pepper spray exposure to help aid Defendant Williams.  Id. at 16.

26

27  [2] Plaintiff's complaint is verified and therefore, it is treated as an opposing declaration to the extent it is
based on Plaintiff's personal knowledge of specific facts which are admissible in evidence.  Jones v. Blanas, 393

28  F.3d 918, 923 (9th Cir. 2004).

1   Plaintiff returned to his cell after spending four hours in the medical holding cell. Id. at 20.

2   Plaintiff's cell was not decontaminated and he was not allowed to receive a shower, clean bedding,

3   or cell cleaning supplies.  Id. Upon entering the cell, Plaintiff immediately began experiencing

4   "uncontrollable choking, coughing, gagging, difficult breathing, burning eyes, blistering skin, and

5   temporary digestive and vision impairments" as a result of the lingering effects of the pepper spray.

6   Id. at 21.  Plaintiff's symptoms and cell conditions did not dissipate until the next day when he

7   received soap and disinfectant to clean his cell, bed linens, and personal property.  Id. at 22.

8   Defendants Williams and Gonzalez were aware that Plaintiff's cell was not decontaminated

9   because they searched it while he was in the medical holding cell and left a search receipt. Id. at 24.

10  Defendants Williams and Gonzalez knew or reasonably should have known that exposing Plaintiff

11  to a contaminated pepper-sprayed cell without access to decontamination, a shower, clean bedding,

12  or cell cleaning supplies would cause Plaintiff substantial risk of serious harm. Id. at 22.

13      **B.      Eighth Amendment Legal Standard**

14      Section 1983 provides a cause of action for the violation of constitutional or other federal

15  rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir.

16  2009), cert. denied, 130 S.Ct. 1937; Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006);

17  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).   Under section 1983, Plaintiff must

18  demonstrate a link between the actions or omissions of each named defendant and the violation of

19  his rights.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009); Simmons v. Navajo

20  Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218,

21  1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

22      The Eighth Amendment's prohibition against cruel and unusual punishment protects

23  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

24  confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan,

25  511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct.

26  2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are,

27  restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan,

28  465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

4

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation. <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Thomas</u>, 611 F.3d at 1151-52; <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).  Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  <u>Farmer</u>, 511 U.S. at 847.  Prison officials' duty under the Eighth Amendment is to ensure reasonable safety, and prison officials may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.  <u>Farmer</u>, 511 U.S. at 847 (quotation marks and citations omitted).

C.   **Undisputed Facts**[3]

1.   On April 25, 2005, facility 4B at Tehachapi State Prison was placed on lock down due to the attempted murder of a prison employee by several Mexican and Asian inmates.

2.   Between April 25, 2005 and August 22, 2005, Black and Mexican inmates were not allowed outside their assigned cells without handcuffs or being escorted by at least two correctional officers.

3.   During the course of this lock down period, all inmates were required to undergo an unclothed body search before exiting their cells and all cells and common areas were searched for dangerous contraband.

4.   On May 23, 2005, Plaintiff returned to his cell from the prison's law library. Defendant Williams told Plaintiff that he needed to cuff him and his cell-mate in

---

[3] Plaintiff's and Defendants' undisputed facts differ significantly, as Plaintiff notes in his opposition to summary judgment. However, the material facts relating to the Eighth Amendment conditions and confinement claim are not disputed. Thus, the Court will focus on these facts.

order to carry out a cell search.[4]

5.    Plaintiff and his cell-mate refused to comply with Defendant William's orders, and Plaintiff requested to first speak with Sergeant S. Sanchez.

6.    Defendant Williams warned Plaintiff that if he and his cell-mate did not comply with orders, they would be pepper sprayed.

7.    Defendant Williams opened the food port on the door and dropped a T-16 flameless expulsion O.C. pepper spray canister into the cell.

8.    Responding staff arrived and Plaintiff and his cell-mate were handcuffed and escorted out of the cell for decontamination and fresh air.

9.    Officers Uribe and Brown removed Plaintiff from his cell and exposed him to fresh air in the hallway.

10.   Officers Uribe and Brown placed Plaintiff in a holding cell to await medical evaluation.

11.   Nurse Miller evaluated Plaintiff at 12:40 p.m. Her report noted no injuries and that Plaintiff had been decontaminated for pepper spray.

12.   Officers Williams and Sizelove[5] performed a search of Plaintiff's cell and left a search receipt while he was in the medical holding cell.

13.   Plaintiff was housed in the medical holding cell for four hours.

14.   Defendants were not present when Plaintiff returned to his cell four hours after the pepper spray incident.

15.   Plaintiff was not allowed to receive a shower, clean bedding, or cell cleaning supplies upon returning to his cell.

**D.    Summary of Defendants' Position**

Defendants argue that (1) Plaintiff cannot affirmatively link Defendants to any constitutional violation because they did not escort him to the clinic for decontamination and were not responsible

---

[4] Plaintiff alleges Defendant Gonzales was present, but Defendant's undisputed facts do not place him at the incident.

[5] Plaintiff alleges that Defendant Gonzales also took part in the search.

for decontaminating his cell because they had already completed their shifts and left the prison; and (2) Even if they had been involved, Plaintiff was not subjected to unconstitutional conditions.  There is no dispute that Plaintiff was exposed to T-16 pepper spray, was placed in a medical holding cell for four hours, and was returned to his cell without a shower, clean bedding, or cleaning supplies for his cell. Rather, the issue is whether Defendants knew Plaintiff had a medical need for additional decontamination procedures and disregarded the risk of harm to him.

Defendants first argue that Plaintiff cannot link them with an affirmative act or omission that demonstrates a constitutional violation. Defendants were not responsible for any lack of decontamination to Plaintiff because they neither escorted Plaintiff to the medical holding cell nor returned him to his cell four hours later. The undisputed evidence demonstrates that Officers Uribe and Brown escorted Plaintiff to the medical holding cell immediately following the pepper spray incident. The pepper spray incident took place at approximately 12:30 p.m. Plaintiff returned to his cell four hours following the incident, placing him back in his cell at approximately 4:40 p.m. Defendant Gonzales left work that day at 2:00 p.m. and Defendant Williams left work at 4:00 p.m.  Both Defendants left work prior to Plaintiff being returned to an allegedly contaminated cell at approximately 4:40 p.m. Defendants argue that the evidence demonstrates that neither Defendants was involved in the escort and decontamination of Plaintiff or in returning Plaintiff to a contaminated cell.

Secondly, Defendants argue that even assuming they were somehow involved in these acts, Plaintiff was never subjected to unconstitutional conditions of confinement. Defendants argue that Plaintiff's claim meets neither the subjective or objective prong of an Eighth Amendment violation. Plaintiff's claim does not meet the objective requirement of an Eighth Amendment violation because the conditioned complained of was not "sufficiently serious" to implicate constitutional rights. Defendants argue that the conditions described by Plaintiff "lasted, at most, a few minutes." Furthermore, the exposure to OC powder from a T-16 grenade is nothing like those Plaintiff claims to have experienced.  A T-16 grenade is designed for use indoors because it contains only a small amount of chemical agent that degrades quickly. The manufacturers specifications allow for decontamination by exposure to fresh air and the effects will generally wear off in ten to fifteen

1 | minutes. Additionally, the residual powder in the cell would degrade after forty-five minutes. Thus,
2 | if Plaintiff was rehoused in his cell four hours after the grenade was deployed, the effects of the OC
3 | agent would no longer be present.

4 | Finally, Defendants argue that Plaintiff's claim fails to meet the subjective requirement for
5 | an Eighth Amendment violation. Negligence is insufficient, and instead the Plaintiff must show
6 | "deliberate indifference," which is nothing less than recklessness in a criminal sense.  Defendants
7 | argue that Plaintiff cannot meet this standard because according to the pepper spray manufacturer's
8 | specifications, the fresh air should have effectively decontaminated Plaintiff and the effects of the
9 | pepper spray would be gone from Plaintiff's cell after four hours. A T-16 grenade releases an OC
10 | powder that dissipates within forty-five minutes. Exposure to pepper spray does not require
11 | decontamination by shower; fresh air is enough for proper decontamination.

12 | Defendants had no contact with Plaintiff after he was escorted to the medical holding cell,
13 | and therefore had no knowledge that Plaintiff was allegedly injured from a lack of decontamination
14 | to the pepper spray. There is no indication that Defendants knew that failing to allow Plaintiff to
15 | shower, or rehousing him in his cell would subject Plaintiff to a substantial risk of injury. Based on
16 | the undisputed evidence, Plaintiff cannot establish that he was subjected to unconstitutional
17 | conditions of confinement.

18 | **E.**     **Summary of Plaintiff's Position**[6]

19 | Plaintiff argues that Defendants violated his Eighth Amendment rights because they were the
20 | assigned housing unit officers on duty at the time of the pepper spray incident.[7] Defendants William
21 | and Gonzalez were required to perform the decontamination procedure of Plaintiff's cell in
22 | accordance with the state-wide standard operating procedures and protocol. Defendants were aware
23 | of the conditions of Plaintiff's cell because Defendant Williams administered the pepper spray and

24 |

25 | [6] Plaintiff's opposition is verified and like his verified complaint, it functions as an opposing declaration.
26 | Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

27 | [7]Plaintiff's opposition to the motion for summary judgment focuses on multiple constitutional violations,
including excessive force and an unconstitutional search of his cell. However, this action proceeds only on the Eighth
28 | Amendment issue of unconstitutional conditions of confinement.  The Court recognizes Plaintiff's entire opposition,
but will only focus on Plaintiff's arguments regarding the unconstitutional conditions of confinement.

also because they, along with Officer Sizelove, conducted a search of Plaintiff's cell while he was in the medical holding cell and left a search receipt. Defendants were aware of the unconstitutional conditions of confinement and did nothing to alleviate them. Thus, Defendants knowingly subjected Plaintiff to unconstitutional conditions of confinement.

**F.   Discussion**

This action is proceeding on the claims that Defendants subjected Plaintiff to conditions of confinement in violation of the Eighth Amendment of the United States Constitution. Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane Cnty., 222 F.3d 570, 574 (9th Cir. 2000). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In order to be held liable each defendant must have personally participated in the deprivation of the plaintiff's rights. Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Despite the wide-ranging arguments, the existence of numerous immaterial disputed issues of fact, and the submission of multiple exhibits, this case presents a narrow issue. Plaintiff's Eighth Amendment medical care claim is viable only if he can demonstrate that on May 23, 2005, Defendants Williams and Gonzales knowingly disregarded an excessive risk of harm to his health created by his exposure to pepper spray. If there are material facts associated with this question, the motion must be denied; otherwise, the motion must be granted.

**1.   Legal Standard**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes,

452 U.S. at 347) (quotation marks omitted).   Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. <u>Morgan</u>, 465 F.3d at 1045 (quotation marks and citations omitted); <u>Hope v. Pelzer</u>, 536 U.S. 730, 737 (2002); <u>Rhodes</u>, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation. <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1151-52 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).   A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

Deliberate indifference requires a showing that prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." <u>Thomas</u>, 611 F.3d at 1150 (quoting <u>Farmer</u>, 511 U.S. at 844). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." <u>Johnson</u>, 217 F.3d at 731.

The issue in this motion for summary judgment is whether an issue of material fact exists as to whether Defendants acted with deliberate indifference in placing Plaintiff in unconstitutional

1    conditions of confinement.[8]

2              **2.    Aware of a "Substantial Risk of Serious Harm**

3              Defendants argue that Plaintiff claim fails because he does not demonstrate facts showing

4    that Defendants acted with  "deliberate indifference" in subjecting Plaintiff to unconstitutional

5    conditions of confinement.  The undisputed facts show that Defendants did not escort Plaintiff to the

6    medical holding cell for decontamination.[9]  Additionally, the undisputed facts show that Defendants

7    were not with Plaintiff during his four hours in the medical holding cell, nor were they present when

8    Plaintiff returned to his cell. Defendants were no longer on duty after 4:00 p.m., prior to Plaintiff

9    returning to his cell at approximately 4:40 p.m.  Thus, the undisputed facts show that Defendants had

10   no contact with Plaintiff after the initial pepper spray incident.

11             Plaintiff argues that regardless, Defendants violated his rights because they were the assigned

12   housing unit officers on duty at the time of the pepper spray incident and were therefore responsible

13   for decontaminating his cell.  Defendants performed a search of Plaintiff's cell sometime during his

14   four hours in the medical holding cell. Plaintiff argues that Defendants were aware his cell was not

15   decontaminated because they searched it.  However, Defendants did decontaminate Plaintiff's cell

16   according to  the manufacturer's instructions.

17             The T-16 pepper spray grenade is designed for use indoors because it contains only a small

18   amount of chemical agent that degrades quickly. (Defendants' Undisputed Facts ("all pending

19   motions- use sam eformatDUF") 20, 22- 23.)   The manufacturer's specifications allow for

20   decontamination by exposure to fresh air, and even without decontamination, the effects will

21   generally wear off in ten to fifteen minutes. (DUF 22.) Additionally, residual powder left in a

22   prisoner's cell would degrade after forty-five minutes (DUF 23.)  Plaintiff never notified Defendants

23   

24             [8] An issue of material fact exists as to whether Plaintiff was objectively subjected to unconstitutional
     conditions of confinement. Defendants submit evidence that Plaintiff's cell would have been decontaminated after

25   four hours. Plaintiff submits evidence in his declaration that his cell was not decontaminated and he suffered serious
     injuries as a result. However, in order so survive a motion for summary judgment the Plaintiff must meet both prongs

26   of the conditions and confinement test. Thus, because Plaintiff does not meet the subjective prong, the Court's
     discussion will focus only on this matter.

27             [9] Undisputed facts show that Officers Uribe and Brown, who are not defendants in this matter, escorted

28   Plaintiff to the medical holding cell. (Pl. Complaint at 13.)

of his reaction to the pepper spray except immediately following release of the pepper spray.  The undisputed facts show that Plaintiff was exposed to fresh air in the hallway during his walk to the medical holding cell, which would have decontaminated him according to the manufacturer's specifications.

Plaintiff has failed to demonstrate any evidence that the effects of T-16 grenade pepper spray last any longer than the manufacturer's specifications.  Plaintiff has also failed to demonstrate any evidence showing that he notified Defendants of his reaction to the pepper spray or his injuries.  Thus, as far as  Defendants were aware, the effects of the pepper spray should have worn off after Plaintiff was exposed to fresh air, and his cell should have been decontaminated when Plaintiff was rehoused in his cell four hours later. Accordingly, Plaintiff has shown no facts demonstrating that Defendants were aware of a "substantial risk of serious harm" to Plaintiff. Thus, Defendants cannot be held liable for an Eighth Amendment conditions and confinement violation.

## IV.

## CONCLUSION AND RECOMMENDATION

In conclusion, the Court finds that no material factual disputes exist between the parties regarding whether Defendants were aware of a substantial risk of serious harm in placing him back in his cell.   As a result, Defendants are entitled to judgment as a matter of law.

Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment, filed on March 29, 2012, be GRANTED in its entirety and this matter be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

//

//

//

1    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2    1153 (9th Cir. 1991).

3

4    IT IS SO ORDERED.

5      **Dated:**    **February 19, 2013**

6                                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28